## UNITED STATES v. 180.14 ACRES OF LAND IN WARD OF PUEBLO VIEJO, GUAYNABO, P. R., et al.

### Civ. No. 2453.

United States District Court
D. Puerto Rico. San Juan Division.
April 22, 1950.

United States Attorney, San Juan, Puerto Rico, for plaintiff.

F. Fernandez Cuyar, San Juan, Puerto Rico, for defendants.

CHAVEZ, District Judge.

This cause came on for trial on March 17, 1948 and August 1 through 5, 1949.

During the hearing, Mr. Canals, a witness for the Government, testified that in forming his opinion of value he considered, among others, a sale of lands very similar to a section of the lands here condemned, made in November 1936 to the Puerto Rico Reconstruction Administration, an agency of the United States of America. The deed was offered in evidence and marked Exhibit "J" for the plaintiff but the Court deferred

ruling on the admissibility of the deed. Considering the particular facts of this case the Court now admits said deed, in evidence, to be given the weight which in the Court's mind it deserves.

After giving careful consideration to the testimony of the witness and to all the documentary evidence and having made a personal inspection of the premises involved, and adjoining or comparable land, the Court makes the following findings of fact:

### Findings of Fact

#### I

That the proceedings aforesaid have been duly and regularly instituted and conducted according to law.

#### II

That on March 3, 1942, the United States of America filed a Declaration of Taking and a Petition for Condemnation in this proceeding, and on said date this Court made and entered its decree vesting title to the premises to be condemned in fee simple in the United States, and contemporaneously the Secretary of War of the United States of America deposited in the Registry of this Court the amount of $30,000 as the estimated just compensation for said premises.

#### III

The estate herein condemned was a fee simple title over certain tract of land having an area of 180.14 acres, more or less, with all improvements and appurtenances thereunto belonging, reserving to the owners of the lands, or their assigns, the right to use and operate any portion of the quarry lying within 600 feet of Insular Road No. 2, and to remove quarried material therefrom, for a period of six months from the date of the filing of the judgment on the Declaration of Taking herein.

#### IV :

The description of the land here taken is as follows: "A parcel of land shown as Parcel 'A' on P. W. Drawing No. 513, situated in the ward of Pueblo Viejo, Municipality of Guaynabo, Puerto Rico, containing an area of 180.14 acres of land, more or less, equivalent to 185.48 cuerdas, equivalent to 72 hectares, 90 ares, 2 centiares, bounded on the Northeast by land of the United States held under the jurisdiction of the Navy Department and by Margarita Creek as defining the Southwesterly boundary of land of Mercedes de la Torre; on the Southeast by Insular Highway No. 2; on the South by a small creek forming the Northerly boundary of lands of Jose Maria Gonzalez, by lands of the principal estate from which this parcel is segregated and by land of Natividad Sanchez; on the West by Insular Highway No. 25 and lands of the principal estate from which this parcel is segregated; and on the North and Northwest by lands of the principal estate from which this parcel is segregated and by lands of the United States held under the jurisdiction of the War Department."

#### V

That the land above referred to has been appropriated and condemned by the United States of America for public use, and that the United States of America had lawful authority to condemn the same.

#### VI

That the People of Puerto Rico owned the seaward strip known as the "Maritime Zone", comprising 2,035 square meters, which appears more particularly described in the stipulation filed in this proceeding on November 12, 1946, and the defendants Celestino and Eduardo Irirate were the owners of the rest of the land here taken.

#### VII

The land herein acquired by the Government on March 3, 1942 consists of a parcel of approximately 180.14 acres, which formed part of a much larger tract originally owned by the defendants Iriarte. From said original tract the United States on May 31, 1941 acquired by condemnation a parcel of some 33 acres in cause No. 1860 Civil before this Court, entitled United States of America v. 33.297 acres of land situate in the Municipality of Guaynabo, Puerto Rico and Celestino Iriarte,[1] et al.

1. No opinion for publication.

The first parcel acquired by the United States is immediately adjacent to the tract here taken. At the time of the filing of the instant proceedings the Government had under construction on the first parcel a pier known as the Army Terminal and a channel from the Terminal to the deep water portions in the center of San Juan Harbor.

The Court finds that before the date of the first taking on May 31, 1941 the Federal Government had planned the acquisition of other lands in the vicinity of the Army Terminal and had selected for acquisition the tract of 180.14 acres taken in this case. The Court, therefore, in reaching its finding as to the market value of the subject property has not considered any increment in value which the subject property may have received by reason of its proximity to the Army Terminal facilities then under construction. But as the evidence does not reveal clearly what, if any, was that increment, the Court has considered and weighed all the testimony given by all witnesses as well as all the factors which a prospective willing buyer and a willing seller would have considered.

## VIII

■ The part of the original property which still remains in the ownership of the defendants Iriarte and the improvements thereon located have not suffered any depreciation in market value as a result of the present taking and defendants are not entitled to so-called severance damage.

## IX

That just compensation for the lands and improvements as to which trial was had, which formerly belonged to Celestino and Eduardo Iriarte, is as follows:

■ The sum of $278,220.00, with interest at the rate of 6% per annum from March 3, 1942 until paid into the registry of this Court; provided, that no interest is to be allowed for the period from May 7, 1942 to March 17, 1948, pursuant to a stipulation of the parties filed herein; and provided, further, that no interest is to be allowed on the amount of $30,000, which was deposited in the registry of this Court on March 3, 1942 as estimated compensation for this property.

Wherefore, by virtue of law and by reason of the premises aforesaid, it is hereby adjudged, ordered and decreed:

### - A -

That the land hereinabove referred to and which has been fully described in the Declaration of Taking and in the Petition for Condemnation filed herein, together with all buildings, improvements and appurtenances, and any and all rights, claims, title, interest and estate of the defendants and respondents herein, and each and every person or entity whatsoever, is hereby condemned to the public use of the United States of America for the purposes more particularly described in the said Declaration of Taking and Petition for Condemnation, reserving, however to the owners of the lands, or their assigns, the right to use and operate any portion of the quarry lying within 600 feet of Insular Road No. 2, and to remove quarried material therefrom, for a period of six months from the date of the filing of the judgment on the Declaration of Taking herein.

### - B -

That the fair market value of the land condemned, together with all buildings, improvements and appurtenances thereto, and just compensation therefor, including any and all rights, claims, title, interest and estate of the defendants herein, and including all damages, is as stated in paragraph IX of the foregoing Findings.

### - C -

That this Court has complete jurisdiction over the premises condemned and of the persons or entities having any right, title, claim, interest or estate therein or thereto, and that the aforementioned proceedings have been duly and regularly instituted according to law.

It is further decreed that this Court does retain jurisdiction for the purpose of entering such further orders and decrees as the Court may deem proper.